IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JOSHUA BRADSHAW,<br><br>        Plaintiff,<br><br>     v.<br><br>WADE, *et al.*,<br><br>        Defendants. | Case No. 3:24-cv-00031-SLG |

**ORDER DISMISSING DEPARTMENT OF CORRECTIONS AND DIRECTING SERVICE & RESPONSE TO CERTAIN DEFENDANTS**

On January 31, 2024, self-represented prisoner Joshua Bradshaw ("Plaintiff") filed a civil complaint and an application to proceed without prepaying the filing fee.[1] On February 16, 2024, Plaintiff filed a civil cover sheet.[2] Plaintiff alleges Correctional Officer Brann Wade, Correctional Supervisor Gregory Steele, three unnamed correctional officers, and the Department of Corrections failed to protect him from harm in violation of the Eighth Amendment to the U.S. Constitution.[3]

The Court has now screened Plaintiff's Complaint in accordance with 28

---

[1] Dockets 1-2.

[2] Docket 3.

[3] *Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994) (prison officials have a duty to take reasonable measures to guarantee the safety of the inmates, including a duty to protect prisoners from violence at the hands of other prisoners) (citing *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)).

U.S.C. §§ 1915(e) and 1915A. Liberally construed,[4] the Complaint contains sufficient facts, that accepted as true, state a plausible claim under the Eighth Amendment against the individual defendants. This means that those claims will not be summarily dismissed at this time but may proceed to the next stage of litigation. However, the claim against the Department of Corrections must be dismissed with prejudice for the reasons expressed herein. The Court has jurisdiction under 28 U.S.C. § 1343.

## SCREENING STANDARD

Under the Prison Litigation Reform Act, a federal district court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.[5] In this screening, a district court shall dismiss the case at any time if the court determines that the action:

> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.[6]

---

[4] *See Eldridge v. Block,* 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants.") (citing *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam)); *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted) (a federal court must accept the allegations as true, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor).

[5] 28 U.S.C. §§ 1915, 1915A.

[6] 28 U.S.C. § 1915(e)(2)(B).

Case No. 3:24-cv-00031-SLG, *Bradshaw v. Wade, et al.*
Order Directing Service & Response
Page 2 of 9
Case 3:24-cv-00031-SLG   Document 5   Filed 07/16/24   Page 2 of 9

In conducting its screening review, a court must liberally construe a self-represented plaintiff's complaint and give the plaintiff the benefit of the doubt.[7] Before a court may dismiss any portion of a complaint, a court must provide a plaintiff with a statement of the deficiencies in the complaint and an opportunity to amend or otherwise address the problems, unless to do so would be futile.[8] Futility exists when "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."[9]

## I. Claims Against the Department of Corrections are Dismissed

The Department of Corrections is not a proper defendant. A defendant in a civil rights lawsuit must be a "person."[10] The State of Alaska and state agencies, such as the Department of Corrections, are not considered "persons" under 42 U.S.C. § 1983.[11] Further, the Eleventh Amendment to the U.S. Constitution gives states sovereign immunity, which prohibits lawsuits against a state or the "arms of the state" (the State's governmental branches, divisions, offices, and departments), unless the state or agency's immunity has been waived.[12] The State

---

[7] *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)).

[8] *See Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)).

[9] *See Schreiber Distributing Co. v. Serv-Well Furniture Co.,* 806 F.2d 1393, 1401 (9th Cir. 1986).

[10] 42 U.S.C. § 1983.

[11] *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70 (1989).

[12] *Alabama v. Pugh,* 348 U.S. 781 (1978); *In re New York*, 256 U.S. 490, 497 (1921); *see also Hans v. Louisiana*, 134 U.S. 1, 15 (1890).

Case No. 3:24-cv-00031-SLG, *Bradshaw v. Wade, et al.*
Order Directing Service & Response
Page 3 of 9
Case 3:24-cv-00031-SLG   Document 5   Filed 07/16/24   Page 3 of 9

of Alaska and its agencies have not waived immunity for civil rights claims alleging violations of the federal Constitution. For this reason, all claims against the Department of Corrections are DISMISSED with prejudice.

## II. Unnamed "Doe" Defendants

Although federal courts do not generally favor actions against unidentified "Doe" defendants,[13] a plaintiff may sue unnamed defendants when the identity of the alleged defendants is not known before filing the complaint.[14] However, a Doe defendant cannot be served with process until he or she is identified by his or her real name.[15] The Court will not investigate the names and identities of unnamed defendants.

If Plaintiff identifies a John Doe, he must file a motion to substitute his or her true name in this case.[16] The Court may dismiss any unnamed defendants without further notice to Plaintiff if Plaintiff fails to (1) timely file a Notice of Substitution identifying the defendant by name and (2) serve that defendant within 90 days of

---

[13] *See Wakefield v. Thompson,* 177 F.3d 1160, 1163 (9th Cir. 1999).

[14] *Gillespie v. Civiletti,* 629 F.2d 637, 642 (9th Cir. 1980).

[15] *See Merritt v. Cty. of Los Angeles,* 875 F.2d 765, 767-68 (9th Cir. 1989).

[16] *Wakefield,* 177 F.3d at 1163 ("[w]here the identity of the alleged defendant is not known prior to the filing of a complaint, the [incarcerated pro se] plaintiff should be given an opportunity through discovery to identify the unknown defendants."). *See also Gillespie v. Civiletti,* 629 F.2d 637, 642 (9th Cir. 1980) ("As a general rule, the use of 'John Doe' to identify a defendant is not favored. However, situations arise . . . where the identity of alleged defendants will not be known prior to the filing of a complaint. In such circumstances, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds.") (citations omitted).

Case No. 3:24-cv-00031-SLG, *Bradshaw v. Wade, et al.*
Order Directing Service & Response
Page 4 of 9
Case 3:24-cv-00031-SLG   Document 5   Filed 07/16/24   Page 4 of 9

the date of this order, unless Plaintiff seeks and is granted an extension of time.[17]

**IT IS THEREFORE ORDERED:**

1.     The Complaint has been screened pursuant to 28 U.S.C. § 1915(e)(2)(B). Liberally construed, the Complaint contains sufficient facts, that accepted as true, state a plausible claim for relief under the Eighth Amendment as to Defendants Gregory Steele and Brann Wade.

2.     Plaintiff's claims against the Department of Corrections are **DISMISSED with prejudice** because the department is immune from relief.

3.     The Clerk shall **terminate** the Department of Corrections as a defendant.

4.     Plaintiff must be ready to diligently pursue the case to completion. Missing a deadline or failing to pursue a case may result in the dismissal of this action.

5.     Plaintiff's application to proceed without prepaying the filing fee at **Docket 2 is GRANTED.**

6.     While federal law allows litigants to commence a civil action without prepaying the fees, prisoner plaintiffs remain obligated to pay the entire fee in "increments" or "installments," until the entire $350 statutory filing fee is paid,

---

[17] *See* Fed. R. Civ. P. 4(m), 10(a), 15(c); *see also Tabi v. Doe*, Case No. EDCV 18-714 DMG(JC), 2019 WL 4013444, at *1 (C.D. Cal. Aug. 26, 2019) (dismissing action against Doe Defendants without prejudice for failure to serve within Rule 4(m)'s 90-day deadline); *Becker v. Oregon*, 170 F. Supp. 2d 1061, 1069 (D. Or. 2001) (where plaintiff given ample time to discovery identities of Doe defendants, motion to dismiss Doe defendants granted).

Case No. 3:24-cv-00031-SLG, *Bradshaw v. Wade, et al.*
Order Directing Service & Response
Page 5 of 9
Case 3:24-cv-00031-SLG   Document 5   Filed 07/16/24   Page 5 of 9

regardless of the outcome of the action.[18] The Court will issue a separate order on the collection of the filing fee.

7.  If Plaintiff is released from custody while this case remains pending and the filing fee has not been paid in full, Plaintiff must, within 30 days of his release, either (1) pay the unpaid balance of his filing fee or (2) file a Non-Prisoner Application to Waive the Filing Fee (Form PS11).[19] Failure to comply may result in dismissal of this action.

8.  The Court's finding that Plaintiff may proceed without *prepaying* the filing fee entitles him to service of process by the United States Marshals Service, pursuant to 28 U.S.C. § 1915(d).

9.  Formal service on Defendants Wade and Steele by the Marshals is unnecessary because the Attorney General has indicated that the State of Alaska's Department of Law will accept service on behalf of Defendants Wade and Steele. *See* District of Alaska Miscellaneous General Order No. 769.

10. The Clerk of Court shall immediately mail a copy of this order, the Complaint at Docket 1, and the civil cover sheet at Docket 4 to:

>   Anna Marquez
>   Assistant Attorney General
>   State of Alaska Department of Law
>   1031 West 4th Avenue, Suite 200

---

[18] 28 U.S.C. § 1915. *See also* 28 U.S.C. § 1914, Judicial Conference Schedule of Fees at ¶ 14 (The $55 administrative fee for filing a civil action, suit, or proceeding in a district court "does not apply to applications for a writ of habeas corpus or to persons granted in forma pauperis status under 28 U.S.C. § 1915.").

[19] The Court's template forms are available upon request from the Clerk's office and on the Court's website at https://www.akd.uscourts.gov/forms.

Case No. 3:24-cv-00031-SLG, *Bradshaw v. Wade, et al.*
Order Directing Service & Response
Page 6 of 9
Case 3:24-cv-00031-SLG   Document 5   Filed 07/16/24   Page 6 of 9

Anchorage, AK 99501-1994

11. The Clerk of Court is further directed to electronically send this order to anna.marquez@alaska.gov via CM/ECF.

12. Each Defendant represented by the Attorney General for the State of Alaska shall have **sixty (60) days** from the date of this order to file an Answer or otherwise respond.[20] Defendants shall provide their full names in the caption of the Answer.

13. The Clerk of Court shall add John Doe 1, John Doe 2, and John Doe 3 as separate defendants on the docket for this case.

14. Once Plaintiff identifies a Doe Defendant, he must timely file a motion to substitute that defendant's true name.

15. The Court will dismiss any unnamed defendants without further notice to Plaintiff if Plaintiff fails to file a Notice of Substitution identifying the defendant, serve the Complaint and summons on that defendant, and file Proof of Service on that defendant **within 90 days of the date of this order,** unless Plaintiff seeks and is granted an extension of time.[21]

---

[20] *See* Fed. R. Civ. P. 4(d)(3).

[21] *See* Fed. R. Civ. P. 4(m), 10(a), 15(c); *see also Tabi v. Doe*, Case No. EDCV 18-714 DMG(JC), 2019 WL 4013444, at *1 (C.D. Cal. Aug. 26, 2019) (dismissing action against Doe Defendants without prejudice for failure to serve within Rule 4(m)'s 90-day deadline); *Becker v. Oregon*, 170 F. Supp. 2d 1061, 1069 (D. Or. 2001) (where plaintiff given ample time to discovery identities of Doe defendants, motion to dismiss Doe defendants granted).

Case No. 3:24-cv-00031-SLG, *Bradshaw v. Wade, et al.*
Order Directing Service & Response
Page 7 of 9
Case 3:24-cv-00031-SLG   Document 5   Filed 07/16/24   Page 7 of 9

16. All future papers sent to the Court must be identified with the name of the Court, the case number, the name of the Plaintiff and name of Defendants, and the title of the document, as illustrated on the first page of this order.[22]

17. Self-represented litigants are expected to review and comply with the Federal Rules of Civil Procedure, the Local Civil Rules, and all Court orders.[23] Failure to do so may result in the imposition of sanctions authorized by law, including dismissal of this action.

18. At all times, all parties shall keep the Court informed of any change of address or phone number. Such notice shall be titled "Notice of Change of Address." The Notice shall contain only information about the change of address, and its effective date.[24] The Notice shall not include requests for any other relief. A Notice of Change of Address form, PS23, may be obtained from the Clerk of Court, if needed. If a plaintiff fails to keep a current address on file with the Court, that may result in a dismissal of the case without further notice.

19. All litigants are responsible for keeping copies of everything filed with the Court. As a courtesy, the Clerk's Office will keep original filings from Self-

---

[22] *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties; the title of other pleadings, after naming the first party on each side, may refer generally to other parties.").

[23] Federal Rules of Civil Procedure: https://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure; Court's Local Rules: https://www.akd.uscourts.gov/court-info/local-rules-and-orders/local-rules.

[24] See Local Civil Rule 11.1(b) (requiring a notice of change of address to be filed, as "[s]elf-represented parties must keep the court and other parties advised of the party's current address and telephone number.").

Case No. 3:24-cv-00031-SLG, *Bradshaw v. Wade, et al.*
Order Directing Service & Response
Page 8 of 9
Case 3:24-cv-00031-SLG   Document 5   Filed 07/16/24   Page 8 of 9

represented litigants, including exhibits, for 180 days from the date the document was filed.  However, litigants should not send important original documents or documents that cannot be replaced to the Court.  If an original must be returned, a Motion for Return of Document should be filed as soon as possible.

20. Copies of documents filed with the Court may be obtained from the Clerk's Office for 50 cents per page.  Litigants and members of the public may also print information from the Court's docket using the public computer terminal located in the Clerk's Office for 10 cents per page.  In the event of special circumstances or serious financial need, a litigant may file a motion asking for the copying costs to be waived or reduced.  Litigants may also set up an account for online access to electronic records through the Public Access to Court Electronic Records (PACER) service.

21. All case-related inquiries should be directed to the Clerk's Office.  It is not permissible to write, telephone, or otherwise try to directly communicate with the judge assigned to your case.  You may contact the Clerk's Office for questions regarding Court procedures or assistance accessing legal forms and resources.  Please note that Clerk's Office staff are prohibited by law from providing legal advice.

DATED this 16th day of July 2024, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
SHARON L. GLEASON
UNITED STATES DISTRICT JUDGE

Case No. 3:24-cv-00031-SLG, *Bradshaw v. Wade, et al.*
Order Directing Service & Response
Page 9 of 9
Case 3:24-cv-00031-SLG   Document 5   Filed 07/16/24   Page 9 of 9